IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN PERSON, | : |
| *Plaintiff*, | : Case No. 1:22-cv-98 |
| vs. | : Judge Jeffery P. Hopkins |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | : |
| *Defendant*. | : |

**ORDER**

This case is before the Court on the parties' Joint Motion for Defendant to File the Administrative Record Under Seal (the "Seal Motion") and Defendant's Unopposed Motion for Additional Time to File the Administrative Record (the "Extension Motion"). For the reasons set forth below, both the Seal Motion (Doc. 20) and the Extension Motion (Doc. 21) are hereby **GRANTED**. Defendant is therefore **ORDERED** to file the Administrative Record under seal within three (3) business days of the date of this Order.

**I.      BACKGROUND**

This case, which arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, involves a dispute between Plaintiff and Defendant regarding Plaintiff's entitlement to long term disability benefits under a group insurance policy issued to Plaintiff's former employer. Here, as in other ERISA cases, the parties are expected to file cross-motions for judgment on the Administrative Record. The Administrative Record contains the materials that Defendant relied on when it made the benefit determination at issue in this case. Because the contents of the Administrative Record form the basis of

1

Defendant's decision, the Court ordered that the Administrative Record be filed with the Court by October 16, 2023.[1] *See* Notation Order, October 14, 2023. The parties now jointly ask that Defendant be permitted to file the Administrative Record under seal.

## II. STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record…[including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court

---

[1] As of October 16, 2023, the Court had not yet granted leave for Defendant to file the Administrative Record under seal, so Defendant therefore filed its Extension Motion requesting three (3) business days from the date of an order on its Seal Motion, in order to file the Administrative Record.

elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

### III. ANALYSIS

The parties seek to file the entirety of the Administrative Record under seal because it contains Plaintiff's medical records as well as documents with other personal identifiers, sensitive medical information, financial information, and confidential or private information that "would subject Plaintiff to potential harm, embarrassment or humiliation." Doc. 20, PageID 71. The parties also state that attempting to redact all such information from the voluminous record—which totals more than 5,000 pages—would be extremely time-consuming, unduly burdensome, risk inadvertent disclosure of confidential or personal information, and could result in almost completely blacked out documents. *Id.* at PageID 72.

Because this case largely focuses on Plaintiff's health conditions, it serves as no surprise that the Administrative Record is replete with private medical information. Looking to the strong federal policy protecting the non-disclosure of private health information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the strict state statute governing Ohio's physician-patient privilege, Ohio Revised Code § 2317.02(B), it is clear that the importance of protecting Plaintiff's private health information outweighs the public's interest in accessing records and documents related thereto. *See Swartz v. E. I. Du Pont de Nemours & Co. (In re E. I. Du Pont de Nemours & Co.)*, No. 2:13-MD-2433, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019); *see also Columbia Gas Transmission, LLC v. 171.54 Acres of Land*, No. 2:17-cv-70, 2021 WL 4260422 (S.D. Ohio Sept. 20, 2021).

Although the parties seek to file the entire Administrative Record under seal, the circumstances demonstrate that the request is in fact no broader than necessary. *See Price v.*

3

*Hartford Life & Accident Ins., Co.*, No. 1:21-cv-656, 2022 WL 656613, at *1 (S.D. Ohio March 4, 2022) ("[S]ealing the Administrative Record is no broader than necessary to shield Plaintiff's personal health information from public view and avoid harm or embarrassment for her, and [] the publicly-filed pleadings and briefs will adequately serve the public's minimal interest in this litigation."). As the parties explain, "the sensitive information in the Administrative Record is so intertwined and pervasive that selective redactions would leave little value to the public's interest." Doc. 20, PageID 72. Additionally, the Court agrees that, "[t]o the extent the public has any interest in this litigation, the pleadings and briefs will be fully available to the public to assess the merits of any decision by the Court." *Id*.

Accordingly, Defendant shall be permitted to file the Administrative Record under seal. However, if upon review of the Administrative Record the Court determines that redaction is feasible, the Court will lift or modify this Order.

## IV. CONCLUSION

For the reasons set forth herein, the joint Seal Motion (Doc. 20) and Defendant's unopposed Extension Motion (Doc. 21) are hereby **GRANTED**. Defendant shall file the Administrative Record under seal within three (3) business days of the date of this Order.

**IT IS SO ORDERED.**

October 31, 2023

Jeffery P. Hopkins
United States District Judge